Duncan *v.* City of Elizabeth.

---

## DUNCAN *vs.* THE CITY OF ELIZABETH.

It appearing from the bill and appended affidavit, and not being contradicted, that the complainant's lands in Elizabeth had been sold by the city for assessments, in connection with other lands not owned by him, and that the complainant's offer to redeem his own lands had been refused by the city, unless payment were also made of the assessment on the lands not his, an injunction was granted restraining the city from executing and delivering a declaration of sale of complainant's land.

*Mr. I. S. Taylor*, for complainant.

*Mr. R. E. Chetwood*, for defendants.

THE VICE-CHANCELLOR.

The rule to show cause why an injunction should not issue in this case, was argued upon the bill and appended affidavit. From these it appears that two pieces of land, situate in Elizabeth, and belonging now to the complainant, were sold by the comptroller of that city on the 6th of November, 1872, on account of the non-payment of an assessment for the construction of a sewer in Reid street. The amount of the assessment was $146.28, and the two pieces of land were struck off to the city for the term of fifty years.

By the eighty-seventh section of the city charter, the owner of land so sold may redeem the same at any time within two years from the sale, by paying to the city treasurer for the use of the purchaser, his heirs and assigns, the purchase money, together with any other tax or assessment chargeable thereon, and which the said purchaser may have paid, and any sum of money expended in any improvement made by order of the city council, provided a notice of such payment has been filed in the office of the city treasurer, with interest on such purchase money, at the rate of fifteen per cent. per annum, from the time of such sale and expenditure, and on such payments from the time of filing the said notice.

By the eighty-eighth section, if the land so sold be not redeemed, as provided in the eighty-seventh section, the city may execute to the purchaser a declaration of sale therefor, which shall be recorded, and until so recorded, the land may be redeemed as above, notwithstanding the two years may have expired.

On the 25th of November, 1874, before a declaration of sale had been made, the complainant tendered to the comptroller of the city, $238.46, the amount of the assessment, with interest, costs, and expenditures up to that time, and demanded a certificate of redemption. The certificate was

refused. The complainant's right to redeem was denied, except upon the payment, also, of other and later assessments or expenditures by the city upon the premises, amounting to about $20,000. The city threatens to make and put upon record, a declaration of sale for the sewer assessment, unless all the later assessments and expenditures now due to it on the premises, are paid, in addition to the payment offered by complainant.

The question was discussed at the argument, whether, under the eighty-seventh section, the city could be regarded as a purchaser in respect to the provisions therein contained for redemption. It was insisted that such provisions were applicable only to others, and that while the city might, by virtue of other sections, be empowered to purchase at a sale, it could not be held to have paid assessments imposed by itself, and in respect to which no sale had been made. I shall not decide this question at this stage of the cause, but shall hold this and other points then discussed, for further consideration. I shall do so, because I am clear that, upon one ground alone, which an answer may meet, a temporary injunction should issue. This ground is the fact that some of the assessments, of which payment is required as a condition of redemption, include not only other lands of the complainant, besides the two pieces in dispute, but also lands which the complainant does not own. No reason is suggested, and I am unable to see what good reason can exist, why the complainant should be compelled to submit to this demand. Upon the face of it, it is unreasonable and oppressive. It is charged by the bill, and supported by the affidavit, and must, for this application, be taken as true.

It was urged on behalf of the city, that the complainant's tender was to the wrong city official. This seems to be true, but it is an objection that ought not to prevail under the facts as they appear. The tender was to the comptroller, instead of the treasurer. The complainant is ready to pay, and his tender was not declined for the cause that the official to whom it was made, was not the proper one to receive it. I think

the city must be held to have refused to allow the complainant to redeem, except upon illegal terms. The effect of the execution and recording of the declaration of sale will, under the provisions of the charter and the general law respecting deeds of that description, be an injury for which no adequate remedy will exist at law.

I shall advise that, upon tender by complainant to the city treasurer of the amount due on the sewer assessment, for principal, interest, and costs, and the treasurer's refusal to accept it, and to give a certificate of redemption, an injunction issue in pursuance of the prayer of the bill.